NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0329-15T4

IN THE MATTER OF N.L.1,

 Respondent,

 v.

OCEAN COUNTY BOARD OF SOCIAL
SERVICES,

 Appellant.

_____________________________________________________

 Submitted May 16, 2017 – Decided June 23, 2017

 Before Judges Vernoia and Moynihan.

 On appeal from the Civil Service Commission,
 Agency No. 2014-0901.

 Sweeney & Sheehan, P.C., attorneys for
 appellant (Barbara A. O'Connell, on the
 briefs).

 Secare & Hensel, attorneys for respondent
 (Steven Secare, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent The New Jersey Civil
 Service Commission (Valentina M. DiPippo,
 Deputy Attorney General, on the statement in
 lieu of brief).

1
 We use initials to protect respondent's privacy.
PER CURIAM

 The Ocean County Board of Social Services (Board) appeals the

determination of the Civil Service Commission (Commission)

reducing the suspension of the Board's employee, N.L., from sixty

days to thirty days. The Board contends that the reduction of the

sanction was "arbitrary, capricious, unreasonable, and unsupported

by substantial credible evidence . . . because the [original]

suspension was not so disproportionate to the offense to be

shocking to one's sense of fairness." We disagree and affirm.

 The Board concedes that the facts found by the administrative

law judge (ALJ), and outlined in the Commission's decision, "are

not in dispute and have not been appealed." As a Human Services

Specialist 2 employed by the Board, N.L. interacted with and

processed applications submitted by people seeking program

benefits. On August 30, 2014, individuals in the Board's waiting

room ridiculed another client, seen by N.L. that day, because the

client is transgender. N.L. found the ridicule directed at the

client abhorrent, and posted messages in support of the client on

Facebook that evening. The postings revealed the ridiculed

client's nickname, and that N.L. worked for the Board. N.L. also

made derogatory comments about the individuals in the waiting

room. The postings were seen by N.L.'s Facebook "friends" and by

 2 A-0329-15T4
others, including an assistant administrator of social work

employed by the Board, who was not N.L.'s Facebook "friend."

 The Board suspended N.L. for sixty days for breaching client

confidentiality by revealing the client's nickname, and for

conduct unbecoming an employee based on her derogatory postings

about the clients in the waiting room. N.L. filed an appeal.

 The ALJ concluded the Board proved N.L. breached the Board's

confidentiality policy because she revealed the client's nickname,

which "could indirectly [have led] to the identification of the

client." The ALJ also ruled that the Board did not establish that

N.L. violated any other policy, including that pertaining to

conduct unbecoming an employee. Applying the concept of

progressive discipline, the ALJ found numerous mitigating factors,

including:

 the fact that the rules are not very clear
 regarding confidentiality and disclosure and
 there is very little training in this regard.
 Furthermore, the implications of social media
 are novel to everyone. In further mitigation
 is the fact that there was absolutely no
 intention on [N.L.'s] part to violate the
 privacy rights of the client. On the
 contrary, [N.L.] was speaking in defense of
 the client.

The ALJ considered that N.L. did not have any other disciplinary

infractions over the course of her five-year employment with the

Board. Noting that breaches of confidentiality could not be taken

 3 A-0329-15T4
lightly, the ALJ found the balance of aggravating and mitigating

factors warranted reducing the suspension to ten days.

 The Board filed exceptions with the Commission, which, after

a de novo review, found N.L. breached client confidentiality, and

that her "vulgar comments" on Facebook constituted conduct

unbecoming an employee. The Commission also conducted a de novo

review of the sanction and imposed a thirty-day suspension, from

which the Board appeals.

 Our review is limited. Only if we find the Commission's

decision arbitrary, unreasonable or capricious, or unsupported by

substantial, credible evidence in the record, can we reverse it.

In re Stallworth, 208 N.J. 182, 194 (2011). Although we may have

reached a different decision, we may not impose our views on the

Commission. Ibid. Our deference extends to sanctions imposed by

the Commission. Id. at 195. Our consideration is limited to

"whether the 'punishment is so disproportionate to the offense,

in light of all of the circumstances, as to be shocking to one's

sense of fairness.'" Id. (quoting In re Carter, 191 N.J. 474, 484

(2007)).

 The reasons cited by the Commission for increasing the

suspension imposed by the ALJ, and increasing that meted out by

the Board, are sound; the reasons are supported by the undisputed

 4 A-0329-15T4
record and the reduction of the sixty-day suspension to thirty

days is not arbitrary, capricious or unreasonable.

 The Board cannot reasonably contend that progressive

discipline is inappropriate in this case when the sixty-day

suspension the Board originally imposed, and now seeks

reinstatement of, followed the concept. This is not a case where

the Board sought permanent dismissal of N.L., and that penalty was

reduced. See Carter, supra, 191 N.J. 474 (2007) (upholding

termination, instead of progressive discipline, of police officer

found asleep on duty on three consecutive dates; dismissal was

warranted in light of public safety concerns). Obviously, the

Board did not consider N.L.'s infraction to be so serious that

progressive discipline be set aside, and she be terminated. Nor

is this a case involving an employee's lack of competence or

fitness to perform job duties. See Klusaritz v. Cape May County,

387 N.J. Super. 305, 316 (App. Div. 2006) (finding termination was

warranted when employee could not perform accounting duties),

certif. denied, 191 N.J. 318 (2007).

 The Commission considered the nature of the charge, the

concept of progressive discipline and the employee's prior record.

It found the Board's penalty too harsh in light of N.L.'s previous

unblemished disciplinary record, and the ALJ's sanction too

lenient because the judge minimized the breach of confidentiality

 5 A-0329-15T4
by accepting N.L.'s explanation that she thought she was sharing

her comment only with friends, a reason belied by the access to

the comments gained by those who were not "friends." The

Commission's decision properly balanced the relevant factors and

the reduction of the sanction will not be disturbed.

 Affirmed.

 6 A-0329-15T4